UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KEMONI PETERSON, | Case No. 2:23-cv-00692-DJC-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| A.W. STEWART, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against various defendants at California State Prison-Sacramento based on two separate slip-and-falls incidents that left him injured. ECF No. 1 at 4-5. For the reasons below, the complaint cannot proceed as currently articulated. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that defendants violated his rights when, in April 2021, he notified defendant Emily Matthews, a prison maintenance supervisor, about a puddle in front of his cell. ECF No. 1 at 4. Plaintiff claims that no action was taken and, on April 26, 2021, he exited his cell, slipped on the puddle, and sustained injuries to his back, shoulder, and neck serious enough to necessitate use of a cane. *Id.*

Separately, plaintiff alleges that, in December 2021, he informed defendant Leckie, a correctional captain, that the roof of his cell block was still leaking. *Id.* at 5. Leckie assured him that he was aware of the problem and that someone would repair it soon. *Id.* Later that day, plaintiff slipped on water from the leak and sustained new injuries. *Id.*

These two claims, though both related to slip-and-fall accidents, are not sufficiently factually related to proceed in a single lawsuit. *See* Fed. R. Civ. P. 18(a), 20(a)(2); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (multiple claims against a single party are permissible; unrelated claims against multiple defendants belong in separate suits). They occurred months apart and assign responsibility for the failings to different defendants. Additionally, some of the named defendants, like Warden Stewart, are not alleged to have had any direct culpability for either incident. Plaintiff should explain how, if at all, each defendant liable for his injuries.

Plaintiff may file an amended complaint that addresses these deficiencies. He is advised that the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will deem the first slip and fall incident to be the only viable claim and screening will proceed based solely on those allegations.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   June 5, 2023                                           _____
                                                              JEREMY D. PETERSON
                                                              UNITED STATES MAGISTRATE JUDGE