UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KEMONI PETERSON, | Case No. 2:23-cv-00692-DJC-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| A.W. STEWART, *et al.*, | |
| Defendants. | |

Plaintiff, proceeding pro se, alleges that various defendants at California State Prison-Sacramento violated his constitutional rights when he slipped on a puddle from a leaking roof that left him injured. For the reasons stated below, the complaint does not state a cognizable claim. I will allow plaintiff a final opportunity to amend.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3           A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12   n.2 (9th Cir. 2006) (en banc) (citations omitted).

13          The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                              **Discussion**

21          The complaint alleges that for two years a leak in the roof at CSP-Sacramento caused a

22   puddle to form two feet in front of plaintiff's cell, near the first staircase to the dayroom.  ECF

23   No. 12 at 4-5.  The complaint claims that the puddle was "not clearly visible," and that prison

24   staff did not warn of it with caution tape or wet floor signs.  *Id.* at 4.  Plaintiff contacted defendant

25   correctional officers Delaney, Johnston, Fernandez, and Amoaka, maintenance supervisors

26   Matthews and Lafell, and segreant Moore about the leak, but it was never fixed.  *Id.*  The

27   complaint adds that defendant warden Lynch has a duty to ensure plaintiff has a safe

28   environment.  *Id.* at 5.

On April 16, 2021, when plaintiff exited his cell in pursuit of his diabetic medication, he slipped on the puddle. He hit his head and sustained injuries to his back, shoulder, and neck serious enough to require use of a cane. *Id.* at 4-5.

The Ninth Circuit has held that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (internal quotation marks and citation omitted). And district courts in California routinely find that "a single defective condition—such as a slippery floor, a leaking roof, or a broken oven—by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment." *See Brown v. Flores*, No. 18-cv-01578 LHK, 2018 WL 9838120, at *2-*3 "(N.D. Cal. Oct. 2018); *Jacobs v. CDCR*, No. 1:20-cv-00547-BAM (PC), 2021 WL 1264636, at *11 (E.D. Cal. April 6, 2021) (dismissing a complaint for failing to state a claim where the disabled plaintiff alleged that he slipped and fell in a puddle of polluted rainwater on his cell floor); *Collier v. Garcia*, No. 17-cv-05841 LHK, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing a complaint for failure to state a claim when the plaintiff slipped and fell even after asking the defendants to fix a leak which resulted in a puddle of water in his cell).

"[I]n order state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the [leak] posed a serious, unavoidable threat to plaintiff's safety." *Coleman v. Frauenheim*, No. 1:17-cv-10276-DAD-BAM (PC), 2018 WL 2463855, at *3 (E.D. Cal. June 1, 2018), citing *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998). Exacerbating conditions are conditions that render a plaintiff unable to provide for his own safety, prevent him from avoiding puddles, or render him unable to perceive the slippery conditions. *See Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996); *Mancinas v. Brown*, 2018 WL 1109673, at *2 (E.D. Cal. Mar. 1, 2018).

Although the complaint alleges that the puddle was not clearly visible, the complaint does not allege that plaintiff was unable to avoid or perceive the puddle. On the one hand, the complaint alleges that plaintiff knew that the puddle was approximately two feet away from his cell, near the first staircase to the dayroom, and that he asked numerous prison officials to fix it. But on the other hand, plaintiff alleges that he could not see the puddle. Since the complaint

demonstrates that plaintiff knew of the puddle and its location, the complaint does not allege exacerbating conditions that would have prohibited him from avoiding the puddle. Without more than one puddle known to plaintiff, defendants could not have known about an objectively serious condition creating a substantial risk of serious harm.

Plaintiff may file an amended complaint that addresses potential exacerbating conditions. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed for failure to state a claim.

2. The Clerk of Court is directed to send plaintiff a complaint form.

3. Failure to comply with this order may result in a recommendation of dismissal.

IT IS SO ORDERED.

Dated:   September 25, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4