UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KEMONI PETERSON, | Case No. 2:23-cv-00692-DJC-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | FINDING THAT THE SECOND AMENDED COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM |
| A.W. STEWART, *et al.*, | |
| Defendants. | **FINDINGS AND RECOMMENDATIONS** |
| | THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| | ECF No. 19 |

Plaintiff, a state prisoner, brings this action against defendants and alleges that they violated his Eighth Amendment rights when they failed to address a watery floor that caused him to slip and injure himself. ECF No. 19 at 4-5. I find that this claim is non-cognizable and recommend this action be dismissed for failure to state a claim.[1]

---

[1] The lawsuit appears, in many substantive respects, identical to a separate case also filed in this district raising the same slip and fall claims. *See Peterson v. Leekie*, 2:23-cv-01848-WBS-JDP at ECF No. 16. As best I can tell, this suit focuses on an April 2021 fall and the later-filed suit focuses on a fall that occurred in December 2021.

1

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

Plaintiff alleges that defendants failed to address a slippery floor that caused him to fall and suffer an injury. ECF No. 19 at 4. He claims that in April 2021 he suffered a fall on a puddle of water that was difficult to see, owing to poor lighting and a lack of warning signs. *Id.* He claims that defendants were made aware of the water and the risky conditions but failed to address them. *Id.* at 4-5. Such slip and fall claims do not give rise to a constitutional violation. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993). Plaintiff argues that the condition had persisted for a lengthy period of time and that defendants' failure to address the issue raises it out of negligence and into a constitutional violation. ECF No. 19 at 7. I disagree. Courts have routinely and consistently held that such claims, even where defendants have notice of the problem, sound only in negligence. *See Collier v. Garcia*, No. 17-CV-05841 LHK (PR), 2018 U.S. Dist. LEXIS 16909, *3-5 (N.D. Cal. Jan. 31, 2018) (collecting cases rejecting slip and fall claims, even where plaintiff alleges that defendants had notice of the slippery conditions).

Accordingly, I now recommend that this action be dismissed. No further chances to amend are warranted, since plaintiff cannot state a viable claim without changing the fundamental basis of his litigation.

It is RECOMMENDED that the second amended complaint, ECF No. 19, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 7, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE